IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLEY BRIGGS | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. PJM-05-1898 |
| LT. R.D. HARVEY | * | |
|     Defendant. | | |
| | *** | |

**MEMORANDUM OPINION**

This civil rights action alleges excessive use of force in violation of the Eighth Amendment. Pending is Defendant's unopposed Motion to Dismiss or for Summary Judgment. Paper No. 13. After review of the Complaint and pleadings, the Court concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendant's motion, construed as a Motion for Summary Judgment, will be granted.

**Background**

Plaintiff alleges that on November 10, 2003, he was handcuffed behind his back, taken out of his cell, and escorted to the holding area of Housing Unit 5, C-Tier Office of the Roxbury Correctional Institution. He claims that he was ordered to come into the housing unit office and sit down by Lt. Harvey. Plaintiff complains that Harvey began "smacking" him while he remained handcuffed and also threatened him by telling him he was going to wind up dead or end up going to Washington County Hospital Center.

Defendant has filed, as exhibits, certified copies of Plaintiff's institutional base and medical file and Lt. Harvey's declaration. Paper No. 13 at Exs. 1 & 2. Based on those documents Defendant asserts that Plaintiff's claims are false. Specifically, he affirms that he did not personally take Plaintiff into an office or another cell and he did not slap or threaten Plaintiff. *Id*. at Ex. 2. Further, he alleges that there is no evidence of an injury to Plaintiff caused by the alleged assault. *Id*.

Defendant cites to Plaintiff's November 10, 2003, notice of institutional infraction where he was found guilty of tampering and misusing state property when he destroyed an electrical outlet in his cell. *Id.*, Exs. 1 & 2.  Lt. Harvey recalls looking at the damage and telling the Housing Unit officer to write a notice of infraction and to place Plaintiff in another cell.  *Id.*, Ex. 2.  Defendant states, however, that he has no recollection of speaking to Plaintiff on that date.[1]  *Id.*

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

---

[1] Attached as an exhibit is a letter written by Plaintiff to Roxbury Correction Institution Warden in November of 2003, alleging that Lt. Harvey had slapped him about the face. Paper No. 13, Ex. 1. Plaintiff also complained of his assignment to Roxbury Correctional Institution and the segregation unit. *Id.* On January 13, 2004, he signed a waiver form, indicating that he was willing to drop his claim of assault against Lt. Harvey if he was transferred to another facility. *Id.*

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element....necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). The court must look at: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers,* 475 U. S. 312, 321 (1986). While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind").[2]

---

[2] When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident. *See Taylor v. McDuffie*,

Plaintiff offers no rebuttal evidence to Defendant's verified exhibits and declarations to show that the alleged incident did in fact occur and that he suffered more than a *de minimis* injury. He has utterly failed to project evidence supporting his claim that he was assaulted. Further, Plaintiff has never claimed that he suffered any injury. Medical records reflect that prior to and after the alleged incident, Plaintiff made repeated sick-call requests regarding various subjective ailments. He plainly had access to healthcare personnel upon request. Notwithstanding this accessibility, Plaintiff voiced no complaints of injury related to the alleged assault.

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the Court shall grant Defendant's Motion for Summary Judgment by separate Order which follows.

                                                      /s/
                                    PETER J. MESSITTE
February 13, 2006              UNITED STATES DISTRICT JUDGE

---

155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d at 634; *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir.); and *Norman*, 25 F.3d at 1264.